## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**NARCIESSE MUNYANEZA**,

Plaintiff,

v.

**ANTONY BLINKEN**, *et al.*,

Defendant.

Civil Action No. 21-cv-2778 (TSC)

---

## <u>MEMORANDUM OPINION</u>

Plaintiff Narcisse Munyaneza has petitioned this court for a writ of mandamus to compel Defendants to adjudicate a pending visa application for his wife, Claudine Niyibizi.  *See* Pet. for Writ of Mandamus & Compl. for Inj. Relief ("Compl.") ¶¶ 1, 12, ECF No. 1.  Niyibizi's application originated in Rwanda but was transferred to the United States Embassy in Nairobi, Kenya, in March 2020.  *Id.* ¶ 14.  In May 2021, Niyibizi had an interview with a consular officer in Nairobi, after which her application was placed in "administrative processing."  *Id.* ¶ 15-16. This is not a final decision; rather, it allows applicants to provide supplemental information to their application as requested by the State Department to determine their visa eligibility.  9 FAM 306.2-2(A)(a); *see also Ramirez v. Blinken*, No. 21-cv-1099, 2022 WL 1795080, at *5 (D.D.C. Mar. 22, 2022).  The application remains in administrative processing.

Munyaneza filed suit five months after the application was placed into administrative processing, claiming that Defendants "unlawfully withheld or unreasonably delayed" agency action on his wife's visa, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1).  Compl. ¶¶ 12-30 (quoting 5 U.S.C. § 706(1)).  He thus seeks a writ of mandamus ordering Defendants to process the visa within 15 days.  *Id.* ¶¶ 31-36.

Defendants have moved to dismiss, ECF No. 5, arguing that (1) Munyaneza lacks standing to sue certain Defendants because they cannot provide the relief that he seeks; (2) the claims of unreasonable delay are "immune from review under the consular non-reviewability doctrine;" and (3) the re-adjudication time for the visa application at issue is not unreasonable under the factors provided by *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*").  Defs.' Mot. to Dismiss ("MTD") at 4-18, ECF No. 5.

The court will grant Defendants' motion to dismiss as to the first and third claims, and therefore need not address the consular non-reviewability argument.  *See, e.g.*, *Tekle v. Blinken*, No. 21-cv-1655, 2022 WL 1288437 at *2 (D.D.C. Apr. 29, 2022) (quoting *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1027 (D.C. Cir. 2021) ( dismissal based on consular non-reviewability is not jurisdictional).

## I.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal because a plaintiff has failed to establish the court's jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561.  That includes establishing the "irreducible constitutional minimum" of standing: that the plaintiff has alleged (1) an injury in fact that is concrete and particularized as well as actual or imminent, (2) a causal connection between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.  *Id.*  The court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  A

complaint should state a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must contain enough facts to state a

claim that is plausible on its face by alleging facts that, if assumed to be true, would allow the

court to draw "reasonable inference[s] that the defendant is liable for the misconduct alleged."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663,

677–78 (2009).  The court presumes the truth of a plaintiff's factual allegations, *see Iqbal*, 556

U.S. at 679, and construes the complaint "in favor of the plaintiff, who must be granted the

benefit of all inferences that can be derived from the facts alleged."  *Hettinga v. United States*,

677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted) (citation omitted).

## II.    ANALYSIS

### A.  <u>Named Officials</u>

Munyaneza names as Defendants three State Department officials (the Secretary of State,

its Acting Legal Advisor, and the Nairobi Embassy's Chargé d'Affaires), the Attorney General

of the United States, the Secretary of the Department of Homeland Security ("DHS"), the

Director of the United States Citizenship and Immigration Services ("USCIS"), and the Director

of the FBI.  Compl at 1.  Defendants argue that Munyaneza lacks the requisite standing to sue all

except the Nairobi Embassy's Chargé d'Affaires.  Defs.' Mot. to Dismiss ("MTD") at 4, ECF

No. 5.  Munyaneza does not cite any caselaw in opposition, instead arguing that "it cannot be the

Plaintiff's role to always know who has the [immigration] case."  Pl.'s Opp. to MTD at 12, ECF

No. 8.

Each Defendant, save for the Nairobi Embassy's Chargé d'Affaires, must be dismissed

because Munyaneza has failed to establish the requisite standing to sue them.  First, as he admits,

USCIS no longer has a role in processing the visa application, Compl. ¶ 12, which precludes

USCIS or its parent department DHS as a defendant.  And while Munyaneza "suspects" that the

FBI is responsible for the delay, that is not enough to confer standing on a plaintiff.  *See Twombly*, 550 U.S. at 555 ("[T]he pleading must contain something more than .. .  a suspicion of a legally cognizable right of action") (cleaned up).  And as to the Attorney General, Munyaneza's claim that he is responsible for "ensuring compliance with all applicable federal laws" does not mean that he is responsible for adjudicating the visa application, or that he could taken any action to expedite its processing.

Finally, as to the State Department Officials, the D.C. Circuit has made clear that consular officers have "exclusive authority to review applications for visas, precluding even the Secretary of State from controlling their determinations."  *Baan Rao Thai Rest.*, 985 F.3d at 1024 (quoting *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999)).  Consequently, neither the Secretary of State nor the Acting Legal Adviser, who had no role in adjudicating Munyaneza's application, are properly named as defendants.

Defendants raise no arguments as to the Nairobi Embassy's Chargé d'Affaires. Therefore, the court will dismiss all named Defendants except for the Nairobi Embassy's Chargé d'Affaires Eric W. Kneedler from this action.

**B.  *TRAC* Factors**

"There is no *per se* rule as to how long is too long to wait for agency action."  *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) (internal quotation marks omitted).  The court thus analyzes an unreasonable delay claim with the following six *TRAC* factors:

> (1) The time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*TRAC*, 750 F.2d 70, 80 (D.C. Cir. 1984).

Courts typically evaluate the first two factors together. *See Dastagir v. Blinken*, 557 F. Supp. 3d 160, 165 (D.D.C. 2021). The first factor is the "most important" and "carries the most weight." *In re Core Comm'ns, Inc.* 531 F.3d 849, 855 (D.C. Cir. 2008). Congress has not imposed a timeframe to adjudicate visas, but instead provided agencies with "wide discretion in the area of immigration processing." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153–54 (D.D.C. 2017) (citations omitted). Without such a timeframe, "courts typically turn to case law as a guide." *Sarlak v. Pompeo*, No. 20-cv-0035, 2020 WL 3082018 at *6 (D.D.C. June 20, 2020) (internal citation omitted).

Munyaneza's application was referred to administrative processing in May 2021, Compl. ¶¶ 15-16, making his delay approximately 17 months. *See Mahmood v. U.S. Dep't of Homeland Sec'y*, 21-cv-1262, 2021 WL 5998385 at *6-7 (D.D.C. Sept. 15, 2021) (considering delay length as time between last government action and issuance of court's opinion.). This is not a significant enough period to implicate *TRAC* factors 1 and 2; courts have held that delays of even multiple years are not unreasonable. *See, e.g.*, *Ghadami v. U.S. Dep't of Homeland Secy.*, No. 19-cv-0397, 2020 WL 1308376, at *8 (D.D.C. March 19, 2020) ("[M]any courts . . . have declined to find a two-year period to be unreasonable as a matter of law." (citing cases));

*Dastagir*, 557 F. Supp. 3d at 165 (five years not unreasonable); *see also Skalka*, 246 F. Supp. 3d at 154 (collecting cases).  Factors one and two, therefore, weigh in favor of the Defendants.

Factors three and five—whether health and welfare are at stake and the interests prejudiced by the delay—are also reviewed together.  Munyaneza only alleges that the adjudication delay has had a "profound and negative impact on the lives of Plaintiff and his wife."  Compl. ¶ 19.  While he adduces further evidence of emotional and physical harm to Niyibizi and himself in his opposition to Defendants' motion to dismiss, the court cannot consider them, as they are new allegations raised for the first time in a plaintiff's opposition to a motion to dismiss.  *See Kingman Park Civic Ass'n*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014).

Defendants do not dispute that the "processing delay has profoundly impacted the lives of Munyaneza and his family," but assert that re-adjudication has been delayed by its prioritization decisions and "measures necessary to prevent the spread of COVID-19 and protect the safety of U.S. officials."  MTD at 17.  But, as Defendants admit, those measures have changed to allow some, albeit "limited processing of immigrant visas."  Defs.' Reply at 1, ECF No. 9.  Therefore, factors three and five weigh in Munyaneza's favor.

With regard to the fourth TRAC factor, Defendants argue that granting Munyaneza's requested relief  "would "simply 'reorder' a queue of applicants seeking adjudication."  MTD at 14.  They are correct; "a judicial order putting [a plaintiff] at the head of the queue simply moves all others back one space and produces no net gain."  *In re Barr Labs*, 930 F.2d 72, 75 (D.C. Cir. 1991).  "While the effect of an individual case would be minimal, the accumulation of such individual cases being pushed by judicial fiat to the front of the line would erode the ability of agencies to determine their priorities."  *Tate v. Pompeo*, 513 F. Supp. 3d 132, 150 (D.D.C. 2021).  Filing a federal lawsuit alone "should not give . . . any advantage."  *Kussem v. Blinken*, No. 21-

cv-1441, 2022 WL 670831 at *5 (D.D.C. 2022) (quoting *Gong v. Duke*, 282 F. Supp. 3d 566, 569 (E.D.N.Y. 2017)).  Factor four, therefore, weighs in favor of Defendants.

The final factor, factor six, asks the court to evaluate if there is some impropriety behind the agency delay.  *TRAC*, 750 F.2d at 80.  Munyaneza does not allege any bad faith, or, impropriety, and a "mere . . . delay is insufficient to show impropriety."  *Chowdhury v. Blinken*, No. 21-cv-1205, 2022 WL 136795 at *5 (D.D.C. Jan. 14, 2022).  Because Munyaneza has not alleged any bad faith, the sixth factor remains neutral to either party.  *See Dastagir*, 557 F. Supp. 3d at 168 (finding sixth *TRAC* factor to be neutral where no bad faith was alleged); *Sarlak* 2020 WL 3082018 at *6 (same).

In sum, Munyaneza has not made the requisite showing under the *TRAC* factors to state an unreasonable delay claim.  And because he has not done so, his mandamus claim necessarily fails.  *See, e.g.*, *Skalka*, 246 F. Supp. 3d at 152 ("The standard by which a court reviews ... agency inaction is the same under . . . the APA and the Mandamus Act."); *see also Fornarno v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005) (mandamus relief requires, *inter alia*, that "the defendant has a clear duty to act.").

### III.   CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' motion to dismiss.  The action will be dismissed without prejudice.


Date: September 30, 2022


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge